| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------X | Hearing Date: 11/15/16 @11:30 a.m.<br>Objection Deadline: 11/8/16 @4:00 p.m. |
| In re:<br><br>CLARISSA COTTLE,<br><br>          Debtor<br>----------------------------------------------------------X | Chapter 7<br><br>Case No. 16-44077-NHL |

## NOTICE OF MOTION FOR ORDER MODIFYING AND TERMINATING THE AUTOMATIC STAY UNDER 11 U.S.C. §362(d)(1) AND (2)

**PLEASE TAKE NOTICE**, that upon the annexed Affirmation of Bruce D. Mael dated October 21, 2016 (the "Application") and the Exhibits annexed thereto, Merrick Park Gardens Cooperative Apartments, Inc., a creditor of the above-named Debtor ("Merrick Park" or "Applicant"), by its attorney, Bruce D. Mael, shall move before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, in her Courtroom located at the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Brooklyn, New York 11201, on November 15, 2016, at 11:30 a.m., or as soon thereafter as counsel may be heard, for an Order: (I) pursuant to 11 U.S.C. Sections 362(d)(1) and (2), providing that the automatic stay imposed by operation of 11 U.S.C. Section 362(a), be modified and terminated to permit Applicant to pursue its rights as more particularly described in the Application to the premises known as 172-11 110th Avenue, Apartment Upper, Jamaica, New York 11433 (the "Premises"); and (II) granting such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that copies of the Application are available for inspection on the Courts Internet Website at http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this

information and can be obtained through the PACER Service Center at http://www.pacer.psu.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. Monday through Friday at the Office of the Clerk or the Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11722. Copies of the Application may also be obtained by written request to the Applicant's counsel at the address and telephone number set forth below.

**PLEASE TAKE FURTHER NOTICE,** that responses, if any, to the relief requested herein must (a) be made in writing and state with particularity the grounds for the objection; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York ("Local Rules"); (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended); (i) electronically by registered users of the Bankruptcy Court's case filing system, or (ii) on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) by all other parties in interest; (d) be submitted in hard copy form to the chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722 ; and (e) be served upon the undersigned counsel so as to be received no later than 4:00 p.m. on November 8, 2016 (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE,** that only those responses made in writing and timely filed and received by the Response Deadline will be considered by the Bankruptcy Court at the hearing and that if no responses to the Application are timely filed and served in accordance

with the procedures set forth herein, the Bankruptcy Court may enter an order granting the Application without further notice.

Dated: Lawrence, New York
       October 21, 2016

                                **BRUCE D. MAEL, ESQ.**
                                Attorney for Merrick Park Gardens Cooperative Apartments, Inc.

           By:    s/Bruce D. Mael
                    Bruce D. Mael (BM 8038)
                    54 Margaret Avenue
                    Lawrence, New York 11559
                    (516) 642-2156

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                  Chapter 7

CLARISSA COTTLE,                                           Case No. 16-44077-NHL

                              Debtor
----------------------------------------------------------X

**AFFIRMATION FOR AN ORDER MODIFYING
AND TERMINATING THE AUTOMATIC STAY
UNDER 11 U.S.C. §362(d)(1) AND (2)**

**TO:     THE HONORABLE NANCY HERSHEY LORD
            UNITED STATES BANKRUPTCY JUDGE:**

Bruce D. Mael, an attorney duly admitted to practice before this Court, hereby affirms the following under penalty of perjury:

1. I am the attorney for Merrick Park Gardens Cooperative Apartments, Inc. ("Merrick Park" or "Applicant"), a creditor of the above-captioned Debtor, and as such am fully familiar with the facts and circumstances surrounding this case.

2. I make this Affirmation in support of Merrick Park's Application ("Application") for an order, pursuant to 11 U.S.C. §362(d) and Federal Rules of Bankruptcy Procedure Rules 4001, 9013 and 9014, modifying the automatic stay to permit Applicant to exercise all of its legal rights and remedies with respect to certain real property located at 172-11 110th Avenue, Apartment Upper, Jamaica, New York 11433 (the "Property"), and granting such other and further relief as this Court deems just and proper.

**BACKGROUND**

3. On or about January 1, 2013, Applicant and the Debtor entered into a certain written occupancy agreement (the "Lease"), a true copy of which is annexed hereto as Exhibit "A". In

accordance with the Lease, Debtor occupied the Property and agreed to pay monthly carrying charges for same.

4. Debtor defaulted on her obligations under the Lease by failing to make the monthly payments required thereunder for the month of November 2015 and each month thereafter. As a result, on or about March 2, 2016, Applicant commenced an eviction proceeding in the New York City Civil Court, County of Queens, under Index No. 56348/16 (the "Eviction Action").

5. On August 3, 2016, the Civil Court entered a judgment of possession in favor of Applicant, and directing the issuance of a warrant of eviction (the "Eviction Judgment"). The warrant of eviction was issued on or about September 9, 2016, thereby terminating Debtor's rights with respect to the Property. A true copy of the Warrant is annexed hereto as Exhibit "B".

6. On September 12, 2016 (the "Filing Date"), Debtor filed the instant petition for relief under Chapter 7 of Title 11, United States Code. 11 U.S.C. §§101 *et seq.* ("Bankruptcy Code"), thereby staying the Eviction Proceeding. Richard J. McCord, Esq. is the acting Trustee in this Chapter 7 case.

## ARGUMENT

7. By this Application, Applicant seeks the entry of an Order: (i) pursuant to 11 U.S.C. Sections 362(d)(1) and (2) providing that the automatic stay imposed by 11 U.S.C. Section 362(a) be modified and terminated to permit Applicant to pursue its rights and remedies as to the Premises including, without limitation, the consummation of the Eviction Proceeding; and (ii) granting such other and further relief as this Court deems just and proper.

8. Section 362(d) of the Bankruptcy Code provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2)     with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

9. It is respectfully submitted that the facts of the within proceeding dictate that the stay must be vacated for the following reasons, (i) Debtor maintains no equity in the Property, (ii) the Property is not necessary for the successful reorganization of the Debtor, and (iii) Applicant's interest in the Property is not adequately protected. Accordingly, the stay must be lifted pursuant to section 362(d) of the Bankruptcy Code as a continuation of the automatic stay will prejudice both Applicant and the Debtor's other creditors.

10. As noted above, the Eviction Judgment and Warrant, both of which had issued prior to the filing, terminated any remaining rights the Debtor may have had to occupy the Property. Thus, the Debtor holds nothing more than a possessory interest as a holdover occupant. Such an interest does not rise to the level that would constitute property of the estate pursuant to 11 U.S.C. Section 541 and is, thus, not subject to the protection of the automatic stay. *See, e.g., Bell v. Alden Owners, Inc.*, 199 B.R. 451 (S.D.N.Y. 1996); *In re Island Helicopters, Inc.*, 211 B.R. 453 (Bankr. E.D.N.Y. 1997); *In re Eclair Bakery*, 255 B.R. 121 (Bankr. S.D.N.Y. 2000).

11. Thus, it is evident that the Debtor, as nothing more than a holdover occupant in the Premises, maintains no equity in the Premises. Consequently, Applicant has satisfied its burden pursuant to Section 362(d)(2)(A) of the Bankruptcy Code.

12. Moreover, since this is a Chapter 7 proceeding, the Debtor is not seeking to reorganize in any event and, therefore, the Premises is not necessary for an effective reorganization. Thus, relief from stay is warranted pursuant to Section 362(d)(2).

13. In addition, the Debtor has failed to pay any carrying charges or amounts for use and occupancy to Applicant since October 2015. Such failure may constitute cause to terminate the automatic stay. *In re Sweet N Sour 7th Ave. Corp.*, 461 B.R. 63 (Bankr. S.D.N.Y. 2010); *In re Taylor*, 1997 WL 642559 (S.D.N.Y. 1997).

14. Furthermore, Debtor's continued possession of the Premises, for which she has made no payments since October 2015, makes it impossible for Applicant to assure that the Property will not fall into a state of ruin. As a result, Applicant is clearly not adequately protected and, accordingly, is entitled to relief from the stay pursuant to 11 U.S.C. Section 362(d)(1) as well.

## **CONCLUSION**

15. Relief from the stay is warranted under Section 362(d). Accordingly, the automatic stay must be modified to permit Applicant to assert its rights in the Property, including, but not limited to, the consummation of the Eviction Action and execution of the Warrant of Eviction.

16. Since no novel or complex issues of law are raised by the instant Application, it is respectfully submitted that the requirement of a memorandum of law pursuant to EDNY LBR 9013-1 be dispensed with.

17. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE,** it is respectfully requested that the Court enter an Order modifying the automatic stay to permit Applicant to exercise all of its legal rights and remedies with respect to the Premises, plus granting such other and further relief as is just and proper.

Dated: Lawrence, New York
October 21, 2016

                                **BRUCE D. MAEL, ESQ.**
                                Attorney for Merrick Park Gardens Cooperative Apartments, Inc.

By:    s/Bruce D. Mael
        Bruce D. Mael (BM 8038)
        54 Margaret Avenue
        Lawrence, New York 11559
        (516) 642-2156